1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| 8TH AVENUE TERMINALS, INC., a California corporation, | No.: |
| Plaintiff, | COMPLAINT |
| v. | JURY DEMAND |
| DENOVO SEATTLE LLC, a Delaware limited liability company, | |
| Defendant. | |

Plaintiff 8th Avenue Terminals, Inc. ("8th Avenue Terminals"), by and through its counsel,

K&L Gates, files this Complaint for Damages against Defendant DeNovo Seattle, LLC ("DeNovo"),

alleging as follows:

## I.   INTRODUCTION

1.      8th Avenue Terminals brings this action to recover for DeNovo's repeated breaches

of the Agreement of Purchase and Sale ("APS") dated March 18, 2014 between 8th Avenue

Terminals and DeNovo.  DeNovo's breaches of the APS—and its repudiation of its obligations

under that contract—have confirmed that DeNovo is unwilling and/or unable to satisfy its

obligations under the APS.

2.      Under the APS, DeNovo purchased valuable real property from 8th Avenue

Terminals in March 2014.  A significant and material component of the consideration for the

COMPLAINT FOR DAMAGES - 1

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1    purchase and sale of the real property was DeNovo's assumption of the obligations of 8th Avenue

2    Terminals and its affiliates (collectively referred to herein as "8th Avenue Terminals") for the

3    investigation and remediation of certain environmental contamination and defense against and

4    indemnification for related claims, costs, and damages.  DeNovo has failed to fulfill its obligations to

5    8th Avenue Terminals in connection with these environmental cleanup matters.   In particular,

6    without limitation, DeNovo has repudiated its obligations under the APS to assume 8th Avenue

7    Terminals' obligations under the Agreed Order No. DE6721 with the Washington State Department

8    of Ecology ("Ecology"), has failed to fulfill its obligations to pay for costs of investigation and

9    oversight, and has failed to use best efforts to represent 8th Avenue Terminals interests with respect

10   to the same.

## II.      PARTIES

11

12       3.      Plaintiff 8th Avenue Terminals, Inc. is a California corporation with its principal

13   place of business at 1102 S.W. Massachusetts Street, Seattle, Washington 98134.

14       4.      Defendant DeNovo Seattle, LLC is a Delaware limited liability company, which,

15   upon information and belief—and based upon its previous unequivocal allegations in this Court—is

16   a citizen of Illinois as its members are each citizens of Illinois.   DeNovo Seattle, LLC's members

17   are DeNovo Properties Holdings, LLC and DSC Group, LLC, which, upon information and belief,

18   are both citizens of Illinois.

## III.     JURISDICTION AND VENUE

19

20       5.      Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because the matter in

21   controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of

22   different states.  8th Avenue Terminals is a citizen of California and Washington and DeNovo is a

23   citizen of Illinois.

24       6.      The Court has personal jurisdiction over DeNovo because it agreed to be subject to

25   personal jurisdiction in the State of Washington in Section 11.9 of the APS for any dispute arising

26   out of the APS.  In addition, the Court has personal jurisdiction over DeNovo because it has done

COMPLAINT FOR DAMAGES - 2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1 business in Washington and otherwise purposefully availed itself of conducting activities in

2 Washington.  8th Avenue Terminals' claims in this case arise out of those contacts.

3     7.    Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part

4 of the events or omissions giving rise to this claim occurred in this District.

5 **IV.    FACTUAL ALLEGATIONS**

6 A.  Background to the APS

7     8.    8th Avenue Terminals was the owner of property located at 7400 South 8th Avenue,

8 Seattle, Washington (tax parcel no. 213620064104), and legally described as Parcel A, City of

9 Seattle Lot Boundary Adjustment Number 3005372, recorded under Recording No.

10 20071010900018, in King County, Washington (the "Property").

11     9.    The Property is an approximately 16 acre site that is bordered on the south and east

12 by the Lower Duwamish Waterway's Slip 4.  It is bordered on the west by 8th Avenue South.

13     10.    Ecology has alleged the release of arsenic, petroleum hydrocarbons, carcinogenic

14 polynuclear aromatic hydrocarbons, and polychlorinated biphenyls to the soil, and carcinogenic

15 polynuclear aromatic hydrocarbons, arsenic, polynuclear aromatic hydrocarbons, and copper to

16 ground water at the Property (generally known as the "8th Avenue Environmental Matters").

17     11.    8th Avenue Terminals was previously determined to be a Potentially Liable Person

18 ("PLP") under the state environmental laws for the 8th Avenue Environmental Matters, and on or

19 around October 12, 2009, 8th Avenue Terminals entered into Agreed Order No. DE6721 with

20 Ecology pursuant to the Model Toxics Control Act ("MTCA"), RCW 70.105D.050(1) (the "Agreed

21 Order").  The Agreed Order required 8th Avenue Terminals to complete a Remedial Investigation,

22 Feasibility Study and prepare a Draft Cleanup Action Plan for the Property.  The Agreed Order also

23 provided that any transfer of title to the Property required continued implementation of the Remedial

24 Investigation Feasibility Study in the Agreed Order.

25

26

COMPLAINT FOR DAMAGES - 3

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

B.  <u>8th Avenue Terminals Enters Into the APS With DeNovo and Assumes Obligations Under the Agreed Order and Other Environmental Liabilities Connected with the Property</u>

12.     On March 18, 2014, 8th Avenue Terminals entered into the APS with DeNovo for the sale of the Property.  Pursuant to the APS, 8th Avenue Terminals conveyed its interest in the Property to DeNovo.  The APS generally referred to 8th Avenue Terminals as "SELLER" and to DeNovo as "BUYER."

13.     Section 6.3(a) of the APS obligated DeNovo to "(a) assume[] and agree[] to perform the obligations of SELLER and its Affiliates regarding the 8th Avenue Environmental Matters and the LDW Site Environmental Matters . . . ."  APS § 6.3(a).

14.     The APS defined the "8th Avenue Environmental Matters" as:

(d) 8th Avenue Environmental Matters. The "<u>8th Avenue Environmental Matters</u>" shall mean (i) the legal responsibilities of SELLER to perform the activities and obligations in the Agreed Order No. DE 6721 issued by WDE, entitled *In the Matter of Remedial Action by: 8th Avenue Terminals, Inc*, ("Agreed Order"); (ii) any requirement by WDE to investigate, remediate or otherwise address (A) any Hazardous Materials present on, in, at, under, or adjacent to the Property as of the Closing Date or (B) any releases of Hazardous Materials from the Property into the sediments adjacent to the Property on or before the Closing Date; (iii) any legal responsibility to investigate, remediate or otherwise address any Hazardous Materials present in the environment at or which have migrated from the Property as of the Closing Date, including but not limited to any Hazardous Materials in the ground water, soil, rock, surface or subsurface, on, in, at, or under the Property and any Hazardous Materials adjacent to the Property that have migrated from the Property; and (iv) all stormwater management and permitting obligations related to the Property, whether such obligations arose before or after the Closing Date including, without limitation, submission of and with the approval of WDE, Seattle Public Utilities, or other governmental entities with jurisdiction, implementation of a new storm water management plan specific to the intended use of the Property by BUYER or its successors;

APS § 6.1(d).

15.     The APS defined the "LDW Site Environmental Matters" as:

(e) LDW Site Environmental Matters. The "<u>LDW Site Environmental Matters</u>" shall mean any liability of SELLER or its Affiliates for response costs associated with releases of Hazardous Materials at the LDW Site from the Real Property, including without limitation past and future CERCLA response costs, and EPA oversight costs, including funding the Indemnified Parties' participation in site-

COMPLAINT FOR DAMAGES - 4

wide LDW Site allocation. LDW Site Environmental Matters also shall mean any liability for natural resource damages arising from releases of Hazardous Materials at the LDW Site that occur on or after the Closing Date, including liability for assessing, restoring, replacing, and monitoring natural resources. LDW Site Environmental Matters shall not include liabilities arising from the prior ownership/operation by Indemnified Parties of Terminal 105 and Terminal 115.

APS § 6.1(e).

16.    In addition to DeNovo's obligation to assume those obligations, DeNovo agreed to indemnify, protect, defend and hold 8th Avenue Terminals harmless from and against any "Losses," defined in section 6.1(k) of the APS as follows:

any demands, damages, costs, claims, expenses, losses, proceedings, judgments, fines, liens, penalties, causes of action, or liabilities of any kind, whether known or unknown, suspected or unsuspected, active or passive, joint and several or joint, contingent or noncontingent, accrued or unaccrued, ripe or unripe, or under statutory, administrative, or common law or in equity, pertaining to the Environmental Matters. Losses shall include reasonable attorneys' fees and costs, experts' fees, court fees and costs, the cost of any administrative or judicial trial, hearing, or appeal, or of any proceeding to allocate liability, all as such arise out of Environmental Matters.

Pursuant to section 7.2(b) of the APS, DeNovo also agreed to use its best efforts to represent 8th Avenue Terminals' interests in the LDW Site Allocation Process:

(b) BUYER shall use its best efforts to represent the interests of SELLER and its Affiliates in the LDW Site Allocation Process as it pertains to the liability of SELLER or its Affiliates for the LDW Site Environmental Matters. As long as BUYER is representing SELLER and its Affiliates in the LDW Site Allocation Process, BUYER may assert that response costs incurred by SELLER and its Affiliates, including such costs incurred prior to the Closing Date, should be used to offset or adjust SELLER's allocation share. Upon request, SELLER shall cooperate with BUYER and provide to BUYER reasonable evidence of such response costs incurred by SELLER to be used to support the offset or adjustment. BUYER shall provide SELLER with meaningful opportunities to review the progress of the LDW Site Allocation Process and to provide input regarding BUYER's participation, which input BUYER shall consider in good faith. At a minimum, BUYER shall provide SELLER a written update on the status of the LDW Site Allocation Process at least once each year until such process is complete, whenever a material event occurs, and upon request of SELLER. A "material event" includes, without limitation, the following:

COMPLAINT FOR DAMAGES - 5

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

submittal of BUYER's Position Paper for the LDW Allocation Site Process; issuance of the Preliminary Allocation; BUYER's proposed response to the Preliminary Allocation; issuance of the Final Allocation; issuance of any offer to settle EPA's claims; issuance of a draft consent decree with EPA; and issuance of any offer to settle contribution or cost recovery claims. If the material event is BlJYER's submittal of a document or a proposal, BUYER shall provide SELLER with a copy of the draft document or proposal at least five (5) Business Days before submittal. If the material event is issuance of the Preliminary Allocation, the Final Allocation, or any draft consent decree or offer to settle, BUYER shall provide SELLER with a copy of the issued document or offer no more than five (5) Business Days after receipt. BUYER shall not withdraw from or otherwise cease to participate in the LDW Site Allocation Process without the written consent of SELLER; provided, however, that BUYER shall not be required to participate further in the LDW Site Allocation Process if it has obtained a settlement under Section 7.2(c)(i) or (ii) below; and provided further, that SELLER may participate in the LDW Site Allocation Process notwithstanding BUYER's withdrawal from or termination of participation in such process at SELLER's expense.

APS § 7.2(b).

17.    The APS defined the "LDW Site Allocation Process" as:

(j) LDW Site Allocation Process. "LDW Site Allocation Process" shall mean the process established for the purpose of allocating among the potentially responsible parties liability for the LDW Site, as described in the Memorandum of Agreement among the potentially responsible parties, provided that the process does not differ materially from the process described in the draft Memorandum of Agreement attached as Exhibit "J" of this Agreement. The objective of the LDW Site Allocation Process, for purposes of this Agreement, is to provide a basis for negotiation of a settlement with or otherwise resolving the liability of SELLER and its Affiliates with respect to other responsible parties to the LDW Site, the U.S. Environmental Protection Agency, the Washington Department of Ecology and any other appropriate governmental agency for the LDW Site Environmental Matters.

APS § 6.1(j).

18.    In spite of DeNovo's clear and unequivocal assumption of responsibility under the APS for the LDW Site Environmental Matters and 8th Avenue Environmental Matters, however, DeNovo has repeatedly failed and refused to reasonably protect and defend 8th Avenue Terminals and has repeatedly failed and refused to use best efforts in representing 8th Avenue Terminals' interests in the LDW Site Allocation Process or with respect to the LDW Site Environmental

COMPLAINT FOR DAMAGES - 6

1   Matters.

2   C.   DeNovo Repeatedly Defaulted on and Repudiated its Obligations Under the APS and Failed to
         Comply With Ecology's Demands and the Agreed Order

3
4       19.     In 2014, after DeNovo acquired the Property, Ecology determined DeNovo to be a

5   PLP with respect to the Property under RCW 70.105D.040 and state environmental laws, and

6   notified DeNovo of this determination by a letter dated June 5, 2014.

7       20.     Later in 2014, DeNovo entered into one or more amendments to the Agreed Order

8   whereby it became a party to the Agreed Order and assumed responsibility for investigation and

9   cleanup of the Property.

10      21.     Despite becoming a party to the Agreed Order and contractually agreeing to fully

11  perform all such obligations under the APS, and despite receiving numerous demands from Ecology

12  and 8th Avenue Terminals, DeNovo has failed to perform all of its obligations under the Agreed

13  Order.

14      22.     DeNovo has failed to meet all of its obligations under the APS despite 8th Avenue

15  Terminals' repeated notices demanding compliance with the APS and the Agreed Order.

16      23.     In August 2015, 8th Avenue Terminals notified DeNovo of its failures to comply with

17  its obligations under the Agreed Order.  Specifically, 8th Avenue Terminals notified DeNovo of its

18  failure to provide required laboratory data from sampling conducted at the Property, including

19  laboratory reports, data validation reports, excel spreadsheets (flatfiles), laboratory electronic files,

20  and field log books for all data collected.  8th Avenue Terminals also notified DeNovo of its failure

21  to complete the remedial investigation fieldwork and of its failure to submit a Revised Draft SAP

22  Addendum or required electronic data.  In addition, 8th Avenue Terminals notified DeNovo of its

23  failure to pay Ecology's oversight charges.  In accordance with the APS, 8th Avenue Terminals

24  provided DeNovo with its formal notice of default and provided DeNovo with the corresponding 60-

25  day cure period.

26      24.     DeNovo failed to cure these deficiencies within the 60-day cure period and continued

COMPLAINT FOR DAMAGES - 7

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1   to default on its obligations under the APS and the Agreed Order.

2        25.    In fact, by October 2015, DeNovo's various defaults of its obligations under the

3   Agreed Order had resulted in Ecology's placement of a lien in the amount of $246,375.96 on the

4   Property for the purpose of recovering Ecology's remedial action costs.  Since October 2015, 8th

5   Avenue Terminals and its parent company Crowley Marine Services, Inc. have received invoices

6   from Ecology requesting payment of the remedial costs that were to be paid by DeNovo in the

7   amount of $322,596.97.

8        26.    In an attempt to secure DeNovo's compliance with the Agreed Order and to ensure

9   that the various environmental obligations could be met, on January 5, 2016, 8th Avenue Terminals

10   filed a petition to appoint a custodial receiver for DeNovo in the King County Superior Court for the

11   State of Washington.  That case, *Crowley Marine Services, Inc. et al. v. DeNovo Seattle LLC*, was

12   ultimately removed to this Court and assigned the Case No. 2:16-cv-00065-RSM.

13        27.    DeNovo vigorously defended the receivership petition on the basis that DeNovo

14   intended to and would pay the Ecology oversight costs.  In March 2016, this Court declined to

15   appoint a receiver based upon is finding that 8th Avenue Terminals had no interest in the Property,

16   but rather held contract rights under the APS.

17        28.    Despite defending the receivership action and unequivocally stating in February 2016

18   that it intended to pay the Ecology oversight costs, DeNovo has still failed to pay those costs and has

19   continued to breach its obligations to 8th Avenue Terminals under the APS.

20        29.    In November 2016, DeNovo or its representatives unequivocally informed 8th

21   Avenue Terminals that it refused and had no intention of ever retaining or funding any expert

22   witness work in connection with the LDW Site Allocation Process.  That refusal to fund expert

23   witness work constitutes a repudiation of DeNovo's obligations under the APS and constitutes a total

24   breach of the APS.

25        30.    As a result of DeNovo's unequivocal repudiation of its obligations under the APS to

26   defend and protect 8th Avenue Terminals, and use its best efforts participate in the LDW Site

COMPLAINT FOR DAMAGES - 8

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Allocation Process to represent 8th Avenue Terminals' interests, 8th Avenue Terminals has incurred losses and costs and is likely to continue to incur substantial losses and costs in retaining and funding expert witness work in connection with defense in the LDW Site Allocation Process.

31.     Moreover, as a result of DeNovo's abandonment and repudiation of its obligations under the APS and the Agreed Order, 8th Avenue Terminals is likely to suffer substantial damages in the form of continued and additional costs and/or liability arising under the 8th Avenue Environmental Matters and the LDW Site Environmental Matters.

D. DeNovo's Financial Condition Renders it Incapable of Performing its Obligations Under the APS

32.     In addition to DeNovo's numerous defaults of the APS—and its now express repudiation of its obligations under the APS—DeNovo's financial condition indicates that DeNovo is incapable of satisfying its obligations under the APS or the Agreed Order.

33.     Specifically, beyond Ecology's $246,375.96 lien on the Property, other creditors of DeNovo have encumbered the Property with at least four other liens or judgments with face amounts totaling in excess of one million dollars.  West Rail Construction Co., LLC filed a mechanic's lien on the Property on August 11, 2015 in the face amount of $88,592.14. Anchor QEA LLC obtained judgments against DeNovo on January 15, 2016 and February 2, 2016 in face amounts totaling more than $850,000 and further recorded an Amended Claim of Lien on the Property on August 11, 2016 under Recording No. 20160811001095 in the face amount of $300,705.  Perkins Coie LLP obtained a judgment against DeNovo on January 28, 2016 in the face amount of $60,915.68.   SLR International Corporation obtained a judgment against DeNovo on August 24, 2016 in the face amount of $34,474.22.

34.     DeNovo's principal member is also the subject of litigation based upon unfulfilled financial commitments.  DeNovo Properties Holdings, LLC is the owner of a ninety percent interest in DeNovo.  Denovo Properties Holdings, LLC recently defaulted on a complaint brought by its bonding company which seeks indemnity damages in the amount of $2.19 million.

COMPLAINT FOR DAMAGES - 9

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

35.     In February 2016, other affiliates of DeNovo, DeNovo Constructors, Inc. and D Transport, Inc., entered into an assignment for the benefit of creditors, conveying all their assets to an assignee for the purposes of liquidation and distribution to creditors.

36.     On information and belief DeNovo is incapable of performing its obligations to 8th Avenue Terminals under the APS.

**V.     FIRST CAUSE OF ACTION:  BREACH OF CONTRACT**

37.     8th Avenue Terminals repeats and re-alleges the allegations continued in the foregoing paragraphs 1-36 as though fully set forth herein.

38.     8th Avenue Terminals and DeNovo entered into the APS, which is a valid and binding contract.

39.     The APS obligates DeNovo to assume 8th Avenue Terminals' obligations under the Agreed Order and to represent 8th Avenue Terminals' best interests in the LDW Site Allocation Process.

40.     DeNovo has repeatedly breached its obligations to 8th Avenue Terminals by failing to satisfy the conditions and requirements of the Agreed Order and by failing to reasonably defend and protect 8th Avenue Terminals in the LDW Site Allocation Process and by failing to use best efforts in representing 8th Avenue Terminals' interests in the LDW Site Allocation Process or with respect to the LDW Site Environmental Matters.

41.     Beyond its breaches of the APS, DeNovo has also unequivocally repudiated its obligations under the APS by refusing to use best efforts in representing 8th Avenue Terminals' interests in the LDW Site Allocation Process, including refusing to retain and fund expert witness work essential to the LDW Site Allocation Process and defense of 8th Avenue Terminals, which DeNovo agreed to assume.

42.     DeNovo's breaches of the APS and subsequent unequivocal repudiation of its obligations under the APS has resulted in damages to 8th Avenue Terminals in an amount to be proven at trial.

COMPLAINT FOR DAMAGES - 10

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1

**VI.    PRAYER FOR RELIEF**

2

WHEREFORE, 8th Avenue Terminals prays for judgment as follows:

3

1.    For judgment that DeNovo has breached the APS;

4

2.    For damages in an amount to be determined at trial, but which exceed $75,000;

5

3.    That the Court Order DeNovo to pay both the costs of this action and any attorneys'

6

fees incurred in prosecuting this action; and

7

4.    That the Court grant such additional and further relief as is just and proper.

8

9

DATED this 23rd day of December, 2016.

10

K&L GATES LLP

11

12

By *s/Michael J. Gearin*
    Michael J. Gearin, WSBA # 20982

13

    925 Fourth Avenue, Suite 2900
    Seattle, WA 98104

14

    Tel:  (206) 370-6666
    Fax: (206) 370-6067

15

    Email:    Mike.Gearin@klgates.com

16

Attorneys for Plaintiff
8th Avenue Terminals, Inc.

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES - 11