UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 8TH AVENUE TERMINALS, INC., a California corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DENOVO SEATTLE LLC, a Delaware limited liability company,<br><br>　　　　　　　　　　Defendant. | No. C16-1964 RSM<br><br>ORDER GRANTING PLAINTIFF 8TH AVENUE TERMINALS, INC.'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DENOVO SEATTLE LLC |

　　　This matter comes before the Court on Plaintiff 8th Avenue Terminals, Inc.'s ("8th Avenue") Motion for Default Judgment Against Defendant DeNovo Seattle LLC ("DeNovo"). Dkt. #9. The Court has considered the papers filed in support of and in opposition to this Motion, if any, as well as all other papers on file with the Court.  For the reasons stated below, the Court **GRANTS** the Motion.

　　　1.　　"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  If the facts establish a defendant's liability, the Court has the discretion to enter a default judgment. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980).  The "[p]laintiff's burden in 'proving up' damages is relatively lenient. . . . Injury is established and plaintiff need prove only that the compensation sought relates to the damages that

ORDER ON PLAINTIFF 8TH AVENUE TERMINAL INC.'S
MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT DENOVO SEATTLE LLC
CASE NO. 16-CV-01964-RSM- 1

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

naturally flow from the injuries pled." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). In exercising its discretion, courts typically consider the seven factors outlined in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

2. Default judgment is appropriate here because 8th Avenue has satisfied the procedural and substantive requirements for entry of default judgment. DeNovo has failed to appear, plead, or otherwise defend this action within the time required by Federal Rule of Civil Procedure 12. As a result, the Clerk entered default against DeNovo on January 19, 2017. *See* Dkt. # 8. Furthermore, each of the *Eitel* factors other than the policy favoring merit-based decisions weighs in favor of entering default judgment.

3. In particular, the first six *Eitel* factors weigh in favor of entry of default judgment because: (1) 8th Avenue will be prejudiced if default judgment is not entered because it will be denied the right to judicial resolution of its claims, (2) the well-pleaded allegations in the Complaint and the evidence presented by 8th Avenue sufficiently establishes the elements necessary to establish 8th Avenue's breach of contract claim, (3) the amount of money 8th Avenue requests is proportional to the harm caused by DeNovo's conduct, (4) it is unlikely that a dispute concerning material facts will arise, and (5) the possibility of excusable neglect is remote.

4. 8th Avenue is entitled to compensatory damages for DeNovo's breach of its obligations under the Agreement of Purchase and Sale, including its obligation to assume and perform 8th Avenue's obligations for the Uplands Cleanup and the Superfund Cleanup, referred to in the Agreement of Purchase and Sale as the 8th Avenue Environmental Matters and the LDW Site Environmental Matters, respectively.

5. 8th Avenue has presented substantial evidence to establish its entitlement to damages. 8th Avenue is entitled to damages in the amount of $22,003,323.25. Those compensatory damages include the following categories of damages:

    a. Costs necessary to complete the investigation and remediation activities in connection with the Uplands Cleanup in the amount of $17,500,000.

ORDER ON PLAINTIFF 8TH AVENUE TERMINAL INC.'S
MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT DENOVO SEATTLE LLC
CASE NO. 16-CV-01964-RSM- 2

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

      b. Current and future legal fees, environmental services consultant fees, and oversight costs imposed by the Washington Department of Ecology in connection with the Uplands Cleanup and Superfund Cleanup in the amount of $913,295.

      c. Costs necessary to cover 8th Avenue's liability in connection with the Superfund Cleanup. The Court finds that an assumed 1% allocation of liability on the part of 8th Avenue will result in $3,420,000 worth of liability for remediation costs connected with the Superfund Cleanup.

      d. Attorneys' fees and costs related to this action to enforce the terms of the Agreement of Purchase and Sale ("Purchase and Sale Agreement") as permitted by Section 11.19 of the Purchase and Sale Agreement in the amount of $170,028.25.

      e. This Order and the Court's Judgment shall not affect any other rights or remedies 8th Avenue may have under the APS, including, but not limited to, any rights 8th Avenue may have to draw on a letter of credit as outlined in Sections 7.4(c) and (d) to the Agreement of Purchase and Sale.

IT IS SO ORDERED this 10th day of February 2017.

                              RICARDO S. MARTINEZ
                              CHIEF UNITED STATES DISTRICT JUDGE

ORDER ON PLAINTIFF 8TH AVENUE TERMINAL INC.'S
MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT DENOVO SEATTLE LLC
CASE NO. 16-CV-01964-RSM- 3

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022